IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA JOYCE FRANKLIN, | § | |
| TDJC-CID NO.835060, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3989 |
| | § | |
| WARDEN DEAN, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Brenda Joyce Franklin, a state inmate in custody of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), brings this action seeking federal habeas corpus relief.  After reviewing the pleadings, the Court will dismiss the habeas corpus petition for the reasons to follow.

I.    BACKGROUND

Petitioner reports that, on February 18, 2005, she was convicted of possession of a controlled substance in cause number 783701 in the 339th State District Court of Harris County, Texas, for which she received a fifteen year sentence in TDCJ-CID.  (Docket Entry No.1).  On the same date, the State District Court revoked her deferred adjudication probation in cause number 700538, found her guilty, and set punishment at ten years confinement in TDCJ-CID, to run concurrently with the fifteen year sentence.  (*Id.*).

In the pending petition, petitioner does not challenge her convictions.  Instead, she claims that one or both of her sentences are illegal under Texas law because one or both were improperly enhanced state jail felonies.  (*Id.*).  Petitioner also indicates that she has habeas applications pending in state court that relate to the proceeding under attack.  (*Id.*).  State court records show that

petitioner has two state habeas applications related to cause number 783701, which are pending in the Texas Court of Criminal Appeals.  *See* Texas Courts Online - Court of Criminal Appeals.

II.    DISCUSSION

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  Those statutes provide in pertinent part as follows:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that  –

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

* * * *

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c).  Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court.  *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  Generally, exhaustion in Texas may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of

Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals. *Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Because the interests of comity are best served in this case by Texas courts having an opportunity to consider petitioner's claims, her petition is subject to dismissal for failure to exhaust all state remedies as required under 28 U.S.C. § 2254.

III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander*

*v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth in the Opinion on Dismissal, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the Court's procedural ruling.  Therefore, a certificate of appealability from this decision will not issue.

IV.    CONCLUSION

The Court ORDERS the following:

1.      This action is DISMISSED, without prejudice.

2.      A certificate of appealability is DENIED.

3.      Petitioner's application to proceed as a pauper (Docket Entry No.2) is GRANTED.

4.      All other pending motions, if any, are DENIED.

The Clerk shall provide a copy to the parties.

Signed at Houston, Texas, this 5th day of January, 2007.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE